August 7, 2013

U.S. District Judge Carol Amon
Chief Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY

Dear Judge Amon:

I am a reporter with Newsday covering the case of U.S. v. Nafis, 12 CR 720, and am also a member of the public. In both capacities, I am writing to seek access to various letters and memoranda relating to the sentencing of Mr. Nafis on Aug. 9, including a "personal statement" from Mr. Nafis, which are identified on PACER as "under seal" and unavailable.

The documents requested include memoranda and letters filed by both the defendant and the government. Specifically, I would like to inspect and copy Docket entries 24, 25, 26 (with all exhibits), 28, 30 (with Attachment 1, Nafis' "personal statement") and 31. I also request access to Docket 27, which is missing from the number sequence on the public docket, if it exists. Docket 29 is already a public document.

As you know, there is a presumptive public right of access to court proceedings under both the common law and various constitutional provisions. This presumption can be overcome only by a showing of a compelling government interest, supported by specific findings by the judge. Any courtroom closure or sealing must be narrowly tailored.

In this case, despite the sealing of multiple documents, no findings by you or sealing orders from you appear on the public docket. Even were there some basis for sealing something, it is hard to believe that none of these documents could have been redacted – that not a single word in any of them can be seen by the public in whose name the government and the court will act at Mr. Nafis' sentencing.

The rules are not different for terrorism cases.

The public has a strong interest in Mr. Nafis' case, because he is accused of targeting the public. Without access to these materials, the public's ability to evaluate the extent to which he was a real threat, the techniques used by law enforcement to identify him, and other factors needed to assess the appropriateness of the sentence you impose will be frustrated.

The "personal statement" is of special concern. As you know, the tradition of a public sentencing at which the defendant has a right of allocution is longstanding. To use a private, secret, sealed note from defendant to judge to undercut this appropriately public tradition would be inappropriate.

The courts belong to the public, and rest on a foundation of public trust. This trust is enhanced by transparency, and eroded by secrecy, which insulates from scrutiny the judgments of the court itself.

Thank you for your attention.

Yours truly,

John Riley
Newsday
Press Room
225 Cadman Plaza
516-458-2393