August 28, 2013

U.S. District Judge Carol Amon
Chief Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY

Dear Judge Amon:

I am a reporter with Newsday covering the case of U.S. v. Nafis, 12 CR 720, and also a member of the public. I am writing to request access to certain materials relating to proffer sessions and personal information that have been redacted from the public copy of the sentencing memorandum filed by the prosecution in this case.

On Aug. 7, you may recall, I requested access to various materials related to sentencing, including a letter from the defendant, which had been filed under seal. In response to your order, certain materials were unsealed, and the parties filed redacted versions of their sentencing memoranda. On Aug. 9, Mr. Nafis was sentenced.

As you know, there is a presumptive public right of access to court proceedings and court filings under both the common law and various constitutional provisions. This presumption can be overcome only by a showing of a compelling government interest, supported by specific findings by the judge. Any courtroom closure, sealing or redaction must be narrowly tailored.

In this case, no written findings or order from you approving of the redactions appear on the public docket. Although I did not attend Mr. Nafis' sentencing, the minute entries for Aug. 9 give no indication that you made findings or approved of redactions orally.

The government filing (Docket 40, Attachment 1) redacts parts or all of 11 pages in a 14 page memorandum. In a cover letter, the government says it is has redacted "personal information" that was also redacted by the defense but takes no position on whether it should be redacted, and says it has redacted information revealed during proffer sessions based on a claim that "publicly revealing that information could engender serious safety concerns and compromise ongoing investigations."

With regard to the personal information, there may be some categories of personal information that are appropriately redacted. However, those categories should be determined by the court, not by the defense. It is notable that the defense has already revealed a great deal of personal information, and it is not clear why the redacted material falls into a different category of privacy.

With regard to the proffer sessions, there is a contradiction on the face of the record. On the one hand, the government says that Mr. Nafis' proffer was not useful enough to constitute "substantial assistance," a claim the court credited in sentencing him. On the

other hand, he assertedly provided information the disclosure of which would "compromise ongoing investigations."

Thus, the government argues, Mr. Nafis' five-day proffer falls into a prosecutorial sweet spot – too useless to do him any good, but too useful to reveal to the public so that it could assess the claim that the proffer was useless, and assess the fairness of the 30 year sentence Nafis received at the government's urging.

Keeping secret from the public a matter that plays a central role in a criminal sentence is a big deal. It overrides a constitutionally based presumption, and should not be done lightly, on the basis of a rote incantation of magic words or an across-the-board policy of keeping all proffers sealed.

Nafis' proffer may in fact fall into both the useless and useful categories described above and every sentence of redaction – as opposed to the redaction of particular names, dates and places -- may be necessary. But that is a judgment that should be made by the court, not by the prosecutors.

Thank you for your attention.

/John Riley
Newsday
Press Room, 225 Cadman Plaza
516-458-2393