UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,                                    NOT FOR PUBLICATION
                                                             **MEMORANDUM & ORDER**
    -against-                              12-cr-720 (CBA)

QUAZI MOHAMMAD REZWANUL AHSAN NAFIS,
            Defendant.
-------------------------------------------------------------------X
**AMON, Chief United States District Judge**.

      On August 9, 2013, this Court sentenced defendant Quazi Mohammad Rezwanul Ahsan Nafis to 360 months' imprisonment and a lifetime term of supervised release. In a letter dated August 28, 2013, Newsday reporter John Riley requested access to redacted material in the government's sentencing memorandum filed on August 8, 2013, which was previously filed under seal. The redacted material in the government's sentencing memorandum consists of (1) statements made by Nafis during proffer sessions with the government, which appear on pages 2-9 of the government's memorandum ("proffer material") and (2) personal information also redacted in Nafis's publicly-filed sentencing memorandum, which appears on pages 10-12 of the government's memorandum ("personal material"). On September 13, as directed by this Court, the government responded to Riley's application (D.E. # 26). The government contends that the disclosure of the proffer material would raise safety concerns and interfere with ongoing investigations. The government takes no position on the disclosure of Nafis's personal material.

      The public has a right of access to judicial proceedings and documents under the common law right to judicial records and the First Amendment. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006); United States v. Sattar, 471 F. Supp. 2d 380, 384-85 (S.D.N.Y. 2006). Because the Second Circuit has held that "a qualified First Amendment right of

1

public access attaches to sentencing proceedings," United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005), sentencing submissions filed by the parties may be kept under seal only if "specific, on-the-record findings" are made that "sealing is necessary to preserve higher values" and only if the "sealing order is narrowly tailored to achieve that aim." Lugosch, 435 F.3d at 124 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)); see also In re Hearst Newspapers, L.L.C., 641 F.3d 168, 176 (5th Cir. 2011) ("[C]ourts of appeals have . . . recognized a First Amendment right of access to documents filed for use in sentencing proceedings."). A party seeking to maintain material under seal has the burden of establishing that the sealing is justified. See United States v. King, No. 10 CR 122 JGK, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012).

The Court finds that, at present, the government has not made an adequate showing that the redaction of all of the proffer material in its sentencing memorandum is warranted in this case. The Court observes, for example, that page 5 of the government's public sentencing memorandum contains an unredacted paragraph that appears to be of the same character as the redacted proffer material. Similarly, some of the redacted material appears in the government's letter response to Nafis's personal statement. (Compare Gov't Sentencing Mem., D.E. # 40-1 at 3-4, with Letter, D.E. # 31 at 1-2.) Although this letter was filed under seal, the government took "no position regarding whether [it] should remain under seal." (D.E. #31 at 1 n.1.)

Although interference with ongoing investigations into national security matters and preserving the safety of individuals are undoubtedly "higher values" that may override the public's right of access to the proffer material in the sentencing submission, the government has not yet provided this Court with a particularized showing of need for the specific redactions it requests. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) ("[A] district court should make its own redactions, supported by specific findings, after a careful review of all claims for and against

access."); King, 2012 WL 2196674, at *2 (holding that generalized assertions of interests cannot justify sealing). Cf. United States v. Park, 619 F. Supp. 2d 89, 93-95 (S.D.N.Y. 2009) (denying motion to unseal where the government submitted a declaration which "specified the redactions made and the basis for the redactions" and by which the Court was "made aware of particular facts and circumstances germane to the issues" in the case).

With respect to the personal material, however, the Court has reviewed the redactions in the sentencing submissions filed by both the government and the defendant and determines that each of the personal material redactions concerns a "highly personal family matter[]" for which "there is a sufficient privacy interest, well-recognized by the Court of Appeals, that is sufficiently compelling to warrant redaction." Sattar, 471 F. Supp. 2d at 387-88. The Court does not find that disclosure of this sensitive and personal information would "promote any of the values associated with public scrutiny of the sentencing process." Id. ("Family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.") (quoting United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995)).

The government is directed to file an additional submission to this Court, under seal if necessary, which establishes a particularized showing of need with respect to each of the proffer material redactions and demonstrates why the redactions are narrowly tailored to accomplish those interests by September 30, 2013.

SO ORDERED.

Dated: September 19, 2013
      Brooklyn, N.Y.

                                                       /s/
                                          Carol Bagley Amon
                                          Chief United States District Judge