# Exhibit A

Govt Exh # 1

DMB:JPL/RMT
F. #2012R01575

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    PLEA AGREEMENT

   - against -                             12 CR 720 (CBA)

QUAZI MOHAMMAD REZWANUL AHSAN NAFIS,

           Defendant.

- - - - - - - - - - - - - - - - - - - X

          Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the United States Attorney's Office for the Eastern
District of New York (the "Office") and QUAZI MOHAMMAD REZWANUL
AHSAN NAFIS (the "defendant") agree to the following:

          1.   The defendant will plead guilty to Count One of the
above-captioned indictment, charging a violation of 18 U.S.C. §
2332a(a).  The count carries the following statutory penalties:

          a.   Maximum term of imprisonment: life
               (18 U.S.C. § 2332a(a)).

          b.   Minimum term of imprisonment: 0 years
               (18 U.S.C. § 2332a(a)).

          c.   Maximum supervised release term: life, to
               follow  any  term  of  imprisonment;  if  a
               condition  of  release  is  violated,  the
               defendant may be sentenced to up to 5 years
               without credit for pre-release imprisonment or
               time  previously  served  on  post-release
               supervision
               (18 U.S.C. § 3583(e) & (j)).

          d.   Maximum fine: $250,000
               (18 U.S.C. § 3571(b)(3)).

2

    e.    Restitution: To be determined by the Court (18 U.S.C. §§ 3663, 3663A).

    f.    $100 special assessment (18 U.S.C. § 3013).

    g.    Other penalties: removal as set forth below in paragraph 6.

2.  The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case.  The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence.  The Office estimates the likely adjusted offense level under the Guidelines to be level 45, which is predicated on the following Guidelines calculation:

Base Offense Level (§§ 2K1.4(c)(1), 2A2.1(a)(1))     33

Plus: Terrorism Enhancement (§ 3A1.4(a))     +12

Total:     45

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 43

3

and a range of imprisonment of life, assuming that the defendant falls within Criminal History Category VI. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before February 7, 2013 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 42. This level carries a range of imprisonment of 360 months to life imprisonment, assuming that the defendant falls within Criminal History Category VI.

3.  The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4.  The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of life or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is

4

not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 6 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

5.    The Office agrees that:

a.    no further criminal charges will be brought against the defendant for conspiring and attempting to use a weapon of mass destruction, and conspiring and attempting to provide material support to al-Qaeda as set forth in the indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. and at the time of sentence, it will move to dismiss the

5

> remaining count of the indictment with prejudice; and
>
> b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5 (a)-(b).

6. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to a violation of 18 U.S.C. § 2332a(a), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on

6

the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

7.    This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

8.    Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements,

7

if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
         February 7, 2013

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                         By: _____
                              James P. Loonam
                              Richard M. Tucker
                              Assistant United States Attorneys


                              Approved by:

                              _____
                              Supervising Assistant U.S. Attorney


I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Defendant


Approved by:

_____
Counsel to Defendant