IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Received by the Pro Se Office
12/21/2020-KC

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆ DEC 21 2020 ☆

BROOKLYN OFFICE

QUAZI MOHAMMAD REZWANUL NAFIS
MOVANT,

v.

UNITED STATES OF AMERICA,
RESPONDENT

CASE NO. 12-CR-720 (CBA).

---

REPLY TO GOVERMENT'S RESPONSE TO COMPASSIONATE RELEASE MOTION UNDER 18 U.S.C. 3582(c)(1)(A)(i) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(c)

---

Comes now, Quazi M. Nafis, pro-se (hereinafter Nafis or Movant) invoking this honorable Court under Fed. R. Civ. Pro. 56(c) Procedures (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) Citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) Showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(3) Objection That A Fact is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

It would be comforting to think that prison Administrators and city governments would care more about the human cost of this crisis than economic or political cost, but this has largely proven to be a false hope.

I object to the government's response to compassionate release motion in it's entirety. And in the accompanying affidavit, the movant will illustrate to this Court that the government is not qualified to speak on medical matters dealing with COVID-19. In good faith!

Respectfully Submitted,

/s/ Quazi Mohammad Nafis

/D/ 11-26-20

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

QUAZI MOHAMMAD REZWANUL NAFIS
    MOVANT,

V.                                              CASE NO. 12-CR-720

UNITED STATES OF AMERICA,
    RESPONDENT,

---

AFFIDAVIT IN SUPPORT OF COMPASSIONATE RELEASE MOTION UNDER 18 U.S.C. 3582(c)(1)(A)(i)

---

I, QUAZI M. NAFIS, is an adult over the age of twenty-one, competent, and of sound mind and judgement. To each and every fact that I will articulate will be of the truth.

1. I am currently suffering from the following preexisting conditions that makes me vulnerable to the Corona virus should I catch it:

2. The only way to protect human beings from Corona virus is to socially distance, wear masks, wash hands, and proactively keep distance from others. In prison systems these possibilities are, for all practical purposes, impossible. Prisoners are at the mercy of the jailers, and jailers, predictably, are failing miserably to protect us.

3. On 8/16/2020 inmate 'Barry Johnson' tested positive for COVID-19 at FCI Edgefield, South Carolina. He was then placed in quarantine-isolation. He stayed in quarantine for (11) days and was released back to his housing unit on 8/27/2020. Slowly by slowly his health started to deteriorate. On 9/15/20 he became paralyzed from the waist down. He was evaluated at a local hospital and returned to F.C.I. Edgefield on the same day. On 9/23/20 'Barry Johnson' was found unresponsive in

his cell. He had died!

4. Lives continue to be lost as prison officials downplay coronavirus impact inside their institutions. They treat guards humanely while dealing with prisoners as untrustworthy animals. All the while, political pundits and tough-on-crime groups call foul when governors, judges, and prison systems release even limited number of inmates.

5. By June 6, 2020, Nationwide prison systems reported 42,107 cases of COVID-19 and 510 deaths amongst 1,295,285 prisoners with a case rate of 3,251 per 100,000 prisoners", explained a July 8 report from the Journal of the American Medical Association (JAMA).

6. The COVID-19 case rate for prisoners is 5.5 times higher than the U.S. Population case rate of 587 per 100,000.

7. On the (BOP) website it speaks of proticals and safety measurements being implemented, but as a resident who lives in the (BOP) 24/7, I can attest that none of those measurements are being followed. I commend the goverment by mentioning that the (BOP) can handle COVID-19, but let's deal with reality as it is, and not how we want it to be. Nationwide in the prison systems, COVID-19 has attacked people in high positions such as Warden's, executive staff, nurses, officers, and inmates as well. COVID-19 does not care whether you committed in 1987 a crime for which you now serve an enhanced sentence, or you are the President of the United States. COVID-19 is here to stay, and for those whose immune system has been compromised, are like sheep waiting to be devoured by a pack of wolves.

8. By May 16, 2020, The BOP reported that 566 prisoners and 342 staff members had tested positive for coronavirus, with 24 prisoner fatalities.

9. By July 14, 2020, the BOP reported 3,366 prisoners and 257 staff had tested positive for coronavirus, with 95 prisoner deaths and one death.

10. I do not pose a danger to myself or to the community. In actuallity whether I'm released prematurely or at my projected release date, I'm going back into sociaty and the goverment can't state on my projected release date "Don't let him go, he's a danger to the community." They can't do that because that would be tantamount to an Eighth Amendment - Cruel and Unusual punishment. So now why would the goverment argue against me being released for medical reasons during this disaster?

(2)

11. In the government's response to 'Nafis' Compassionate Release Motion, they placed special emphasis that 'Nafis' "has not and cannot show any basis under Section 3582 for the Court to reduce his sentence. Moreover, there has been no change to the facts of his case that would undermine the Court's prior, careful analysis of the sentencing factors set forth in Title 18, U.S.C.S. 3553(A)." Page 12, conclusion of the government's response. However, the Amendment of the Compassionate release statute by the 'First Step Act' "Freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them" when seeking a 'sentence reduction'. United States v. Brooker, No. 19-3218-CR, 2020 WL 5739712, At *7 (2d Cir. Sept. 25, 2020). The Court must also consider "the factors set forth in 18 U.S.C. § 3553(A) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

12. In the 'discussion' of the government's response page 11, it stated "Nafis was not sentenced under Section 2K1.4(A); rather, the Court found that his base offense level was 33 pursuant to Section 2K1.4(c), which requires a cross-reference to Section 2A2.1(A)(1), the provision for First degree murder." With the United States Supreme Court decision 'Johnson' (2015), Abrogated the entire United States Sentencing Guideline Section 2K1.4 in its entirety and secondly there are no victims in this case, so how could I be cross-referenced to a First degree murder enhancement when the Federal Reserve Building was "Empty" and 'Johnson' abrogative the residual clause of 18 U.S.C. 924(e) that references "explosives", which this case is based upon.

13. 'Nafis' would like to redirect this Court to the original filing of his compassionate release motion where there is an indepth breakdown of the abrogation of 2K1.4 and how it is an extraordinary and compelling circumstance that warrants a reduction of sentence. In good faith!

I declare under the penalty of perjury pursuant to Title 28 U.S.C. 1746 that the foregoing information was true and correct.   /s/ Quazi Mohammad Nafis
/D/ 11-26-20

(3)

Case 1:12-cr-00720-CBA   Document 60   Filed 12/21/20   Page 6 of 7 PageID #: 52





⇔81710-053⇔
Clerk Of Us District Court
Eastern District of NY
225 Cadman PLZ E
Brooklyn Heights, NY 11201
United States

⇨81710-053⇦
Quazi Nafis
#81710-053
Federal Correctional Institution
P.O.Box 725
Edgefield, SC 29824-0725
United States

