Clerk's Office
Filed Date: 1/11/2021
4:02 PM
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

QUAZI MOHAMMAD REZWANUL AHSAN NAFIS,

              Defendant.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CR-00720 (CBA)

**AMON, United States District Judge:**

Quazi Mohammad Rezwanul Ahsan Nafis moves for compassionate release due to extraordinary and compelling reasons. For the reasons stated below, Nafis's motion is DENIED.

## BACKGROUND

On February 7, 2013, Nafis pleaded guilty to one count of attempting to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a), based on his plot to detonate a vehicle laden with explosives parked next to the Federal Reserve Bank of New York. On August 9, 2013, I sentenced him principally to 360 months' imprisonment.

On October 15, 2020, Nafis, proceeding pro se, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government opposed the motion. Nafis supplemented his original motion on November 16, 2020 and replied on November 26, 2020.

## STANDARD OF REVIEW

Pursuant to § 3582(c)(1)(A), as modified by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court "may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant generally "has the burden of showing that 'extraordinary and

1

compelling reasons' to reduce his sentence exist." United States v. Gotti, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2010).  After the passage of the First Step Act, district courts are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

Section 3553(a) directs a sentencing court to consider: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need for deterrence; the need to protect the public from future crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available under the Guidelines; and the need to prevent unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(1)–(6).

## DISCUSSION

Nafis argues that the legality of his sentence was undermined by the Supreme Court's holding in Johnson v. United States, 576 U.S. 591 (2015), and thus extraordinary and compelling reasons warrant his release.  (ECF Docket Entry ("D.E.") # 57 ("Def. Mot.") at 7.)  He further argues that release is warranted because his brain had not fully developed, and he suffered from a number of mental health conditions when he committed his offense at age twenty-one.  (See id. at 7–8.)  Nafis also argues, for the first time in his reply, that the dangers presented by the COVID-19 pandemic constitute extraordinary and compelling reasons.  (See D.E. # 60 ("Def. Reply") at 3–4[1].)  Nafis has not established extraordinary and compelling reasons warranting compassionate

---

[1] References to the pagination of Nafis's reply refer to the pagination of the PDF document.

release pursuant to § 3582(c)(1)(A), and the § 3553(a) sentencing factors weigh against his release. His motion for compassionate release is therefore denied.

## I. Exhaustion of Administrative Remedies

A defendant can move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on his own behalf only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government notes that Nafis submitted a request for compassionate release on August 13, 2020 to the warden of his Bureau of Prisons facility, and that the warden denied this request on October 14, 2020. (D.E. # 58 ("Gov't Opp.") at 8 n. 2.) Nafis moved for compassionate release on October 15, 2020, (See D.E. # 57), and has therefore satisfied § 3582(c)(1)(A)'s exhaustion requirement.

## II. Extraordinary and Compelling Reasons

When deciding a motion brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the "threshold [merits] question is whether the defendant has shown that 'extraordinary and compelling reasons' exist to reduce the defendant's sentence." United States v. Hidalgo, 462 F. Supp. 3d 470, 472, (S.D.N.Y. 2020). Nafis has failed to do so.

Nafis's first argument is that the provision of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") under which his sentence was calculated has since been abrogated by the Supreme Court's holding in United States v. Johnson, and that "[w]ithout the now void and vague enhancement of U.S.S.G. 2K1.4(c)(1), Nafis'[s] sentence would drop tremendously." (Def. Mot. at 7.) In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, which fixed higher penalties for certain defendants with prior felony convictions

3

that "involve[d] conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. Johnson, 576 U.S. at 593, 606. Nafis seeks to apply this holding to the provision of the Guidelines used to calculate his base offense level. Nafis initially claimed that U.S.S.G. § 2K1.4(c)(1) was used but contradicts himself in his reply. (Compare Def. Mot. at 5 ("In the instant case, Nafis'[s] base offense level . . . came from the cross-reference at 2K1.4(c)(1) which has been abrogated since the Supreme Court decision [of] Johnson."), with Def. Reply at 5 (objecting to the Government's statement that Nafis's base offense level was calculated under U.S.S.G. § 2K1.4(c) by stating "there are no victims in this case, so how could I be cross-referenced to a first degree murder enhancement").) Nafis's base offense level was, in fact, calculated using U.S.S.G. § 2K1.4(c), which instructs a sentencing court to cross-reference the most analogous Guidelines provision from Chapter Two, Part A, here U.S.S.G. § 2A2.1(a)(1). (See Presentence Investigation Report at 11.) Ultimately, whichever Guidelines provision was used, Nafis's argument is foreclosed by Beckles v. United States, 137 S.Ct. 886 (2017). In Beckles, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause . . . ." Id. at 895. Nafis was sentenced in 2013, after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) rendered the Guidelines advisory. Thus, Nafis is incorrect that, had he been sentenced after Johnson, his "sentence would drop tremendously." (Def. Mot. at 7.)

     Nafis next argues that his relative youth at the time he committed his offense and the fact that he suffered from certain mental health conditions, including depression and post-traumatic stress disorder, rendered him vulnerable to external influences and unable to adequately regulate his own actions. (See id. at 7–8.) He argues that "at the time of the offense [he] was not functioning as an adult with an adult state of mind . . . [b]ut rather as a teenager, and today is

4

remorseful and learned from his mistake." (Id. at 8.) In short, Nafis argues that contemporary neuroscientific evidence indicates that the systems in the human brain responsible for impulse control and assessment of risk do not completely develop until one's mid-twenties. (Id.) Even if Nafis had accurately stated these scientific principles, and I had a basis to conclude that they applied to him at the time he committed his crime, this circumstance does not rise to the level of "extraordinary and compelling" and does not entitle him to release. Nafis's attorney ably presented similar arguments at sentencing. (See Gov't Opp. Ex. A ("Sent. Tr.") 18:1–4 ("[Nafis is] a young person. He's barely out of adolescence. He was 21 years old when he committed this offense."), 20:15–23 ("[H]e had a damaged and frail psyche. He was depressed. He had a breakup with a girl that resulted in suicidal ideation. He was suffering completely unresolved post-traumatic stress disorder. . . . [H]e met other students who were highly radicalized . . . and Nafis adopted their views.").) These arguments were fully considered at sentencing. (See id. at 40:20–41:5 ("[C]ounsel, with support of a psychological report, has pointed to a constellation of psychological problems of the defendant . . . . [I]t's clear . . . today, even today, that he is clearly impressionable . . . .").) Accordingly, I do not find that Nafis's youth and mental health issues constitute extraordinary and compelling reasons warranting a reduction in his sentence.

Finally, Nafis argues that the ongoing COVID-19 pandemic warrants his release. (See Def. Reply at 3–4.) Nafis does not claim to suffer from any medical conditions that increase his likelihood of severe complications should he contract COVID-19. (See id. at 3.) Furthermore, his relative youth does not place him into a vulnerable category for COVID-19. See People Who Are at Higher Risk for Severe Illness, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited December 28, 2020) (explaining that risk increases with age, and that eighty percent of

5

COVID-19-related deaths in the United States have been among individuals aged sixty-five and older). He has therefore not demonstrated that his risk of contracting COVID-19 constitutes extraordinary and compelling reasons justifying his early release.

In light of the foregoing, I find that there are no extraordinary and compelling circumstances that would authorize a reduction of Nafis's sentence under the First Step Act.

### III.     Consideration of the § 3553(a) Factors

An analysis of the relevant § 3553(a) factors further counsels against granting Nafis's application. See 18 U.S.C. § 3582(c)(1)(A); Gotti, 433 F. Supp. 3d at 615 (noting that a court may deny a motion for compassionate release "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override . . . what would otherwise be extraordinary and compelling circumstances"). Particularly relevant here are the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. As I stated at sentencing, "[t]he seriousness of the offense to which this defendant entered his guilty plea is perhaps exceeded only by the offense he would have committed had this plot been successful. The defendant's goal was to detonate a thousand pounds of explosives outside of the Federal Reserve Bank, destroying that building, killing its inhabitants as well as the unfortunate men, women, and children who may have been in the vicinity." (Sent. Tr. 41:1–8.) Even so, I imposed a sentence at the bottom of Nafis's Guidelines range of 360 months to life imprisonment. Nafis has served less than a third of this sentence. Further, as stated above, I considered the same characteristics Nafis raises in his motion for compassionate release—namely his mental health issues and resulting impressionability—in my evaluation of the § 3553(a) factors at sentencing. Nothing in Nafis's submissions persuades

me to disturb my earlier decision. The relevant § 3553(a) factors continue to militate against Nafis's release.

## CONCLUSION

Nafis has failed to satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A). Further, the factors set forth in 18 U.S.C. § 3553(a) counsel against his early release. His application for compassionate release is therefore denied. The Clerk of Court is respectfully directed to mail a copy of this order to Nafis.

SO ORDERED.

Dated: January 11, 2021
     Brooklyn, New York                      /s/ Carol Bagley Amon
                                                    Carol Bagley Amon
                                                    United States District Judge