UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA     :        12 Cr. 720 (CBA)

      - v. -                   :

QUAZI MOHAMMED REZWANUL     :
AHSAN NAFIS,

                              :

        *Defendant.*

                              :

-----------------------------------------------------------x


## REPLY IN FURTHER SUPPORT OF SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)


Sarah Baumgartel
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8772


TO:   United States Attorney
       Eastern District of New York
       271 Cadman Plaza East
       Brooklyn, New York
       Attn: Mathew Skurnik

Quazi Mohammed Rezwanul Ahsan Nafis submits this reply in support of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and in response to the government's opposition to this motion.[1] The government does not dispute that the Court may hear this motion, GR 9, or the substantial evidence of Nafis's rehabilitation, GR 11. The government also concedes that family circumstances may constitute an "extraordinary and compelling" reason for reducing an individual's sentence. GR 10.

The government nonetheless opposes this motion because it claims Nafis's own family situation is not sufficiently serious, and that the 18 U.S.C. § 3553(a) sentencing factors do not support a sentence reduction. Both arguments are wrong. Nafis's family circumstances, along with his young age at the time of this offense, his mental health issues, his lack of criminal history, the substantial sentence he has served to date, and his demonstrated rehabilitation, all strongly support a reduction under § 3582(c)(1)(A)(i).

## DISCUSSION

### I.   Nafis has shown "extraordinary and compelling" reasons sufficient to warrant a sentence reduction.

Both courts and the Sentencing Commission recognize that a defendant's need to provide care to a family member constitutes an extraordinary and

---

[1] Nafis's July 22, 2024 sentence reduction motion is cited "M." The government's June 2, 2025 response is cited "GR."

compelling reason to reduce his prison sentence. *See* M 6-11. As Nafis's original motion detailed, his elderly father suffers from dementia and his physical and mental health is progressively deteriorating. M 8-10. He is no longer able to care for himself independently or to perform everyday tasks. Currently, he is cared for by Nafis's mother, but she is also elderly and has her own health problems.[2] M 9. She is already struggling to provide care for his father, and she will not be able to do this, on her own and without help, for the next decade.

In its response, the government complains that Nafis does not sufficiently explain "why *he* is the only person" capable of caring for his father, as opposed to "other family members and friends," or why Nafis's father cannot "access care through public or private programs, or describe how they are receiving care currently." GR 10.

But Nafis did all of this in his original motion. He explained that his father is currently cared for by his mother, but that this is a struggle for her and that she cannot keep doing it by herself, particularly as his father's dementia worsens and she herself ages. The letters of support submitted with Nafis's motion also verified that there are no other family members who have the capacity to provide the daily, constant, long-term care that Nafis's father

---

[2] Nafis's original motion also noted his grandmother's health issues. His grandmother has since passed away.

needs. *See, e.g.*, Exhibits E, F, J. As other courts in this circuit have recognized, even when someone has other extended family members, those people often have their own jobs, their own families, and their own obligations that prevent them from serving as full-time caretakers. *See, e.g.*, *United States v. Stokes*, No. 19 Cr. 307 (SRU), 2024 WL 216643, at \*2 (D. Conn. Jan. 19, 2024) (reducing sentence based on defendant's need to care for family, noting that although other extended family members lived in the area, they were not "'available' to serve in a caregiving capacity because of their work and familial obligations"). The same is true for Nafis's family.

As to the government's flippant reference to finding care through some unidentified "public or private program[]," the government offers no clue as to what program in Bangladesh would provide the necessary care, how it would provide adequate care for an individual suffering from dementia and poor health, or how Nafis's parents would afford this imagined program without his help.

Nafis's original motion cited several analogous cases, where courts granted sentence reductions based on similar family circumstances. *See* M 10-11. The government simply ignores these cases and does not address them. Instead, the government declares that courts "routinely" decline reductions based on family circumstances, citing only to older decisions applying a now-outdated legal standard from before the Sentencing Commission promulgated

3

the current version of U.S.S.G. § 1B1.13, *see* GR 10-11 (citing *United States v. Lindsey*, No. 13 Cr. 271 (LTS), 2021 WL 37688 (S.D.N.Y. Jan. 4, 2021); *United States v. Mojica*, No. 19 Cr. 629 (CS), 2020 WL 6746478 (S.D.N.Y. Nov. 16, 2020); *United States v. John*, No. 15 Cr. 208, 2020 WL 6581217 (S.D.N.Y. Nov. 10, 2020)), and a few district court cases that are readily distinguishable.

For example, the government relies on *United States v. Romano*, 707 F. Supp. 3d 233, 237 (E.D.N.Y. 2023). GR 10. But in *Romano*, the defendant did "not provide any of his father's medical records or a medical note from a treating physician to establish his incapacitation." *Romano*, 707 F. Supp. 3d at 237. In contrast, Nafis has provided a letter from his father's physician to verify his medical issues. Exhibit D.

In *United States v. Golfo*, No. 19 Cr. 95 (KAM), 2022 WL 6162424, at *1 (E.D.N.Y. Oct. 6, 2020), GR 10, the defendant was only sentenced to a three-month prison term and had two adult daughters who could provide care for her elderly parents during that time. That is a far cry from the situation here, where there are no other adults available to provide the long-term care Nafis's father will need and Nafis's remaining sentence spans more than a decade.

Similarly, in *Mojica*, 2020 WL 6746478 at *1, GR 10, the defendant claimed he needed to help care for his mother and son, but as the sentencing court noted, his sister lived with and cared for his mother and his fiancé lived with and cared for his son. The defendant there did not explain why these

4

caretakers could not continue in their roles for the remaining three years of his sentence. *Id.*

Finally, in *United States v. Chambliss*, No. 09 Cr. 274 (CS), 2022 WL 4110246, at *2 (S.D.N.Y. Sept. 7, 2022), GR 10, the defendant's pro se motion for a sentence reduction did even not argue that he was the only available caretaker for any family member. As the government there put it, "Chambliss never asserts that he would step into the sole, primary, or co-primary caregiving or financial support role in either his mother or nephew's life. Instead, Chambliss states only that he 'worries' for his mother and hopes to be a 'substantial figure' in a broader support system for his nephew." *See* Government Brief, *United States v. Chambliss*, No. 09 Cr. 274 (CS), Dkt. No. 200 at 6 (SDNY Aug. 25, 2022). In other words, the defendant there did not even make the claim that Nafis raises here.

None of these cases are meaningfully similar to Nafis's situation. And neither they, nor the government's opposition more broadly, provide any persuasive rebuttal to Nafis's argument that his family circumstances constitute an extraordinary and compelling basis for a sentence reduction.

## II.    The § 3553(a) sentencing factors also support a reduction.

The § 3553(a) sentencing factors also support a reduction, in light of the significant and punitive sentence Nafis has already served; his young age at the time of this offense; his mental health issues; his lack of criminal history;

5

the fact that he will be detained by immigration and deported whenever his prison sentence ends; and his demonstrated remorse and rehabilitation.

The government's opposition focuses on the seriousness of Nafis's offense, to the virtual exclusion of every other consideration. GR 2-7, 11. Nafis acknowledges the seriousness of his crime.

But that factor, by itself, should not preclude relief, particularly in light of Nafis's lack of criminal conduct before and afterwards. In this regard, Judge McMahon's grant of compassionate release to several defendants in the so-called "Newburgh bombing case" is instructive. *See United States v. Cromitie*, No. 09 Cr. 558 (CM), 2024 WL 216540 (S.D.N.Y. Jan. 19, 2024) (reducing sentence to time served of approximately 14 years plus 90 days); *United States v. Williams*, No. 09 Cr. 558 (CM), 2023 WL 4785286 (S.D.N.Y. July 27, 2023) (same). There the defendants had similarly been convicted of terrorism offenses in connection with a government sting operation. The judge recognized that the defendants' actions and their crimes were "heinous." *Williams*, 2023 WL 4785286 at *13. Even so, the judge considered that, because it was a sting involving a government agent, it was "never going to happen," and that the conspiracy of which the defendants were ultimately convicted was more serious than anything they actually would have been able to do on their own, without the assistance of the agent. *Id.* at *13-14. The judge emphasized that the defendants had never done anything as remotely serious before, and that they

6

had since "demonstrated rehabilitation and remorse for their crimes." *Id.* at *14. These factors together supported a sentence reduction for those defendants—as they also do for Nafis.

Without contesting Nafis's positive prison record, GR 11, the government argues that Nafis may not seek a sentence reduction based on rehabilitation alone, *see* GR 10. But Nafis's motion obviously is not based on rehabilitation by itself; the primary factor he cites is the need to provide care for his family. In conjunction with that need, Nafis's extraordinary rehabilitation is an important consideration—both with respect to extraordinary and compelling reasons and as to the § 3553(a) sentencing factors. *See* U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted").

Since filing his original motion, Nafis has continued to try and improve himself, to engage in programming, and to work in prison. Attached to this reply are numerous certificates Nafis has received over the last few years from the Bureau of Prisons. Since his arrest, Nafis has consistently demonstrated his remorse and his rehabilitation. This fact, together with the other factors detailed in Nafis's original motion and this reply, support a sentence reduction.

## CONCLUSION

The Court should reduce Nafis's prison sentence.

Dated:      New York, New York
            June 25, 2025

                                Respectfully submitted,
                                Federal Defenders of New York

                            By: _/s/ Sarah Baumgartel____
                                Sarah Baumgartel, Esq.
                                T: (212) 417-8772

8